IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01443-LTB

RON L. GATEWOOD,

    Plaintiff,

v.

DR. COVILLE,
DR. J. TASH BERTON,
DR. PETER QUINTERO,
DR. BRIAN REISS,
DEPT. OF LABOR,
DR. RICHARD LOFFOER,
ROBERT KAWASSAKI,
DR. C.D. BAKER,
DR. CRABOWSKI,
HOLLY HEALTHCARE SYS CCIA,
PENNICOL,
WORKERCOMP,
PSL HOSPITAL,
HOLLY H OCCP, and
KAISER PERMANENTE,

    Defendants.

---

## ORDER DENYING MOTION TO RECONSIDER

---

On July 12, 2012, Plaintiff filed a ninety-two page pleading, ECF No. 11. The Court must construe the filing liberally because Plaintiff is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will construe the filing as a Motion to Reconsider and deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). This case was dismissed on July 12, 2012, because Plaintiff failed to comply with the Court's order to cure deficiencies. A motion to reconsider filed within twenty-eight days after the final judgment in an action should be considered pursuant to Rule 59(e). *See Id.* (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the time limit set forth under Rule 59(e)). Plaintiff's request was filed within twenty-eight days after the Court's Order of Dismissal was entered on July 11, 2012. Therefore, the filing is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

After review of the Motion to Reconsider and the entire file, the Court finds that the Motion is unintelligible and fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Accordingly, it is

ORDERED that the pleading, ECF No. 11, filed on July 12, 2012, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this  13th  day of     July    , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court